

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2004

# Wagner v. Berwick Ind

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3878

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Wagner v. Berwick Ind" (2004). *2004 Decisions.* Paper 58.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/58

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 03-3878

———

LINDA WAGNER,
<u>Appellant</u>

v.

BERWICK INDUSTRIES

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civil Action No. 01-cv-1908)
District Judge: Honorable James M. Munley

Submitted Under Third Circuit LAR 34.1(a)
November 12, 2004

Before: McKEE and CHERTOFF, <u>Circuit Judges</u> and
BUCKWALTER, <u>Senior District Judge</u>*

(Filed December 20, 2004)

———

OPINION

———

BUCKWALTER, <u>Senior District Judge</u>.

This is an appeal by Linda Wagner from the grant of summary judgment for Defendant Berwick Industries LLC in a suit alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621-34 (Count I) and the Pennsylvania Human Relations Act, 43 P.S. § 951-63 (Count II) and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* (Count III) and the Pennsylvania Human Relations Act (Count IV).

Our review of the District Court's grant of summary judgment is plenary. Wagner contends that the District Court erred in finding (1) that she did not present sufficient evidence to permit a fact finder to either disbelieve Berwick's non-discriminatory reason for her dismissal or believe that a discriminatory motive permeated that decision; and (2) that the record did not establish a causal link between the termination of her employment and any complaints she may have made regarding age discrimination.

Before discussing the first assignment of error, we note that the record clearly supports Berwick's non-discriminatory reason for dismissal. As set forth in the District Court's opinion, Wagner had at least four warnings that her job performance was not satisfactory. Actually, Wagner had more than four warnings, and was disciplined less severely than required under defendant's four-step disciplinary system up to the time of her termination.

2

Wagner argues, however, that she presented sufficient evidence to permit a fact finder to disbelieve defendant's non-discriminatory reason or believe that a discriminatory motive permeated the decision to terminate her.

To that end, she argues that (1) younger employees were neither disciplined nor specifically scrutinized as she was; (2) she was the sole employee evaluated in 1999; (3) she was singled out by defendant's instructions to certain departments to watch for her errors rather than scrutinize all employees; (4) she was disciplined more harshly than non-protected workers; and (5) younger workers made fun of her and made references to her being "so ancient."

The record, as found by the District Court (and with which finding we agree), does not support her contentions. Simply stated, plaintiff has failed to point to evidence from which a fact finder could reasonably infer that she satisfied the criterion identified by the employer or that the employer did not actually rely upon the stated criterion. Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 647 (3rd Cir. 1998).

In this case, defendant evaluated plaintiff based upon her job performance. Plaintiff does not dispute this. Instead, she argues that even though she admittedly did not satisfy the job criterion the employer relied upon, she has nevertheless presented sufficient evidence to permit a fact finder to disbelieve defendant's non-discriminatory reason or to believe a discriminatory motive permeated defendant's decision.

3

For reasons substantially as set forth in the District Court's opinion, we disagree.

As to the second assignment of error, the District Court assumed that even if Wagner engaged in protected activity, the record does not support the requisite causal link. Even adopting that assumption, her retaliation charge faces other obstacles.

First, the retaliation count in Wagner's complaint was brought under Title VII and not the ADEA. The District Court properly dismissed this. For the first time in this litigation, Wagner mentions in footnote 2, page 22 of her brief that "such clerical error of listing Title VII instead of ADEA should not have eliminated Wagner's claim for retaliation since she specifically listed a claim for retaliation."

As Berwick points out, and Wagner does not dispute in her reply brief, this is the very first time this argument has been raised. "Arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible of review in this Court absent exceptional circumstances (*e.g.*, the public interest requires that the issues be heard or manifest injustice would result from the failure to consider such issues)." Brown v. Philip Morris, Inc., 250 F.3d 789, 799 (3rd Cir. 2001). No such exceptional circumstances exist.

Second, Wagner does not contest in any of her briefs before this court the contention of Berwick that her retaliation charge under the PHRA was untimely filed precluding her from seeking relief in this proceeding.

4

Finally, assuming that the PHRA retaliation charge was properly filed, as the District Court noted (and we agree) there is no causal connection between the exercise of protected activity and Wagner's dismissal.

When Wagner met with Berwick's president for a third time, it was after her third written warning and while she was terminated about four months after that meeting, there is no evidence that anything but her unsatisfactory performance led to her dismissal.

The judgment of the District Court will be affirmed.